## SAWYER *v.* KELLOGG.

*(Circuit Court, D. New Jersey.   June 1, 1881.)*

1. TRADE-MARK—INJUNCTION.

A label, which had been in use in substantially the same form for a dozen or more years prior to suit brought, consisted of a blue wrapper, pasted around a small bottle holding bluing, and contained, in separate compartments, various inscriptions in letters of silver bronze. The first compartment contained the general designation of the article, in the words, "Sawyer's Crystal Blue and Safety Box." The other compartments contained, in finer print, commendations of the quality of the article, directions for its use, and the name of the party by whom it was prepared. *Held*, under the special circumstances of the case, that the use of a label of the same size, color, and type, and of the same general appearance, with corresponding compartments, and similar, although not identical, designations, should be enjoined.—[ED.

Bill for Injunction.

*Rowland Cox,* for complainant.

*George Putnam Smith,* for defendant.

Before BRADLEY and NIXON, JJ.

BRADLEY, Circuit Justice. This case, with its special circumstances, seems to us to be a very clear one. The complainant's label, which he alleges that the defendant has wrongfully imitated, had been in use substantially in the same form for a dozen or more years prior to the bringing of the suit. It consists of a blue wrapper, pasted around a small bottle holding the bluing, and containing, in separate compartments, various inscriptions in letters of silver bronze. The first compartment contains the general designation of the article, in the words, "Sawyer's Crystal Blue and Safety Box." The other compartments are in finer print, and contain commendations of the quality of the article, directions for use, and the name of the party by whom it was prepared.

The label complained of, and admitted to be prepared and used by the defendant, is of the same size, color, and type, and of the same general appearance, as that of the complainant, being divided into compartments corresponding with those in his label. The inscriptions, although not identical, appear very like. The general designation is in these words: "Sawin's Soluble Blue and Pepper Box." Placing the two labels side by side it is easy to distinguish them. But ordinary persons, in the habit of buying the complainant's bottles, would be very easily deceived into buying the defendant's for them, the general appearance being so similar in every respect. That the defendant's label is a designed imitation of the complainant's scarcely admits of a doubt. Such perfect similarity could hardly have been the result of chance. We do not mean to say that it would be a justification if it were accidental. But it is apparent that it was designed. Sawin is not the defendant's name; why, then, did he use Sawin's name and not his own? It was evidently done for the purpose of making a closer imitation of Sawyer's label. The defendant, it is true, alleges that he

does not put up the bluing for himself, but for a firm by the name of Barron & Co., who directed him to adopt the label in question. But this is no excuse for him unless Barron & Co. were entitled to use the label. The defendant attempts to show that they had such a title by having hired from Sawin the right to use his name. This pretext is too shallow. It is shown, indeed, that Sawin did manufacture bluing, and used a label of his own, but it was wholly unlike the label in question. The use of his name by Barron & Co., in the label complained of, was evidently obtained for the purpose of making it more closely resemble Sawyer's. Sawin's bluing had no such reputation in the community as to make it an object to hire his name. As the label stands it speaks a falsehood. The article covered by it is not "Sawin's Soluble Blue," and it is not "prepared by W. E. Sawin, Jr.," as stated at the foot of the label. It evidently speaks this falsehood for a purpose, and that purpose, we are satisfied, is to obtain a closer imitation of Sawyer's label. It is no excuse for the defendant that he does this work for other persons. He is just as guilty as if he did it for himself. All who are concerned in the commission of a tort are alike amenable to the party injured.

It is suggested, however, that the label complained of is the same in all respects which the defendant had used for several years prior to its adoption by Barron & Co., with the exception of the caption, in which Sawin's name has been introduced instead of his own. This only goes to show that the adoption of Sawin's name was regarded as important in carrying out the plan of Barron & Co. The question readily suggests itself, why did they prefer Sawin's name to Kellogg's in the caption of the label? No sufficient reason is shown except that it enabled them more closely to imitate the complainant's. No doubt Kellogg would have been perfectly willing, and glad, to have used his own name, and then the label would, at least, have told the truth. It is unnecessary to add that the argument assumes that Kellogg's label itself was free from objection as an imitation of that of the com-

plainant.    Whether it was so or not may be a question, but one which it is not necessary now to determine.

It is further suggested that the complainant has lain by for several years, whilst the defendant has been publicly using his own label, and has thus acquiesced in its use.    To this suggestion it may be proper to reply that the complainant had a patent for the article of bluing, which he was prosecuting and endeavoring to substantiate, but in which he finally failed.    His failure to establish his patent (which would have covered all his rights) ought not to preclude him from falling back on his right to the trade-mark.    No essential delay has occurred since the termination of the proceedings on the patent.    But, at any rate, an acquiescence in Kellogg's use of his own label was no acquiescence in his use of the new and altered label having Sawin's name in the caption.

We think the case is with the complainant, and that a decree should be made in his favor.    Let a decree be made accordingly.

NOTE.    See *Sawyer* v. *Horn*, 1 FED. REP. 24.